1  **McGuireWoods LLP**
   Matthew C. Kane, Esq. (SBN 171829)
2  mkane@mcguirewoods.com
   Michelle R. Walker, Esq. (SBN 167375)
3  mwalker@mcguirewoods.com
   Bethany A. Pelliconi, Esq. (SBN 182920)
4  bpelliconi@mcguirewoods.com
   1800 Century Park East, 8th Floor
5  Los Angeles, California 90067
   Telephone:  (310) 315-8200
6  Facsimile:  (310) 315-8210

7  Attorneys for Defendants
   BANK OF AMERICA CORPORATION and COUNTRYWIDE FINANCIAL
8  CORPORATION

9

10              **UNITED STATES DISTRICT COURT**

11          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13  DOMINIQUE WHITAKER; on behalf          CASE NO.: **CV09-5898**
    of herself, all others similarly situated,
14  the general public and as an "aggrieved     [Ventura County Superior Court Case
    employee: under the California Labor        No. 56-2009-00347462-CU-OE-VTA]
15  Code Private Attorneys General Act,
                                                **DEFENDANTS' NOTICE OF**
16          Plaintiff,                          **REMOVAL TO THE UNITED**
                                                **STATES DISTRICT COURT FOR**
17          vs.                                 **THE CENTRAL DISTRICT OF**
                                                **CALIFORNIA PURSUANT TO 28**
18  COUNTRYWIDE FINANCIAL                       **U.S.C. § 1331(FEDERAL**
    CORPORATION, a Delaware                     **QUESTION) and CAFA**
19  Corporation doing business in the state
    of California; and BANK OF
20  AMERICA CORPORATION, a
    Delaware Corporation doing business in
21  the State of California, and DOES 1-50,
    inclusive,
22
            Defendants.
23

24

25

26

27

28

9702688.1

DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA

1 **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
2 **CENTRAL DISTRICT OF CALIFORNIA:**
3       PLEASE TAKE NOTICE that Defendants BANK OF AMERICA
4 CORPORATION ("BOAC") and COUNTRYWIDE FINANCIAL
5 CORPORATION ("CFC") (collectively "Defendants") hereby remove the above-
6 entitled action from the Superior Court of the State of California in and for the
7 County of Ventura ("State Court") to this United States District Court for the
8 Central District of California, on the grounds that this Court has original jurisdiction
9 over this civil action pursuant to 28 U.S.C. § 1331 in that it arises under 29 U.S.C. §
10 201 et seq., the Fair Labor Standards Act ("FLSA"), and pursuant to 28 U.S.C. §
11 1332(d), 28 U.S.C. § 1441, the Class Action Fairness Act of 2005 ("CAFA"), and all
12 other applicable bases for removal.  This Notice is based on the Court's original
13 jurisdiction under 28 U.S.C. § 1331 and CAFA, and all other applicable bases for
14 jurisdiction. In support of their Notice of Removal, Defendants aver as follows:

15                     **Pleadings and Proceedings**

16       1.      On November 7, 2008, an action was commenced in the State Court,
17 entitled *Dominique Whitaker; on behalf of herself, all others similarly situated, the*
18 *general public and as an "aggrieved employee" under the California Labor Code*
19 *Private Attorneys General Act, Plaintiff, v. Countrywide Financial Corporation, a*
20 *Delaware Corporation doing business in the state of California, and Bank of*
21 *America Corporation, a Delaware Corporation doing business in the State of*
22 *California, and Does 1-50, inclusive, Defendants.*, Case No. 56-2009-00347462-
23 CU-OE-VTA, by the filing of a Complaint, a true and correct copy of which is
24 attached hereto as Exhibit "A" (the "Complaint").

25       2.      On July 13, 2009, Defendants were served with copies of the Summons
26 and Complaint.  Defendants are informed and believe that there has been no service
27 of process upon any DOE Defendants, which are fictitious defendants, and thus such
28 DOE Defendants are disregarded for the purposes of this removal.

3.     Defendants are informed and believe that the aforementioned documents and exhibits constitute all of the process, pleading, and orders on file in the State Court action.

4.     The Defendants have no information that any other persons or entities have or will be named as DOE defendants in this action.

5.     On August 11, 2009, Defendants filed an Answer to the Complaint in the State Court.  A true and correct copy of Defendants' Answer to the Complaint is attached hereto as Exhibit "B."

## Removal Jurisdiction

6.     The instant action may be removed to this Court by Defendants pursuant to provisions 28 U.S.C. §§ 1331 1332(d) and 1441(b) and CAFA, and all other applicable bases for removal.

7.     Defendants' Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through services or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Defendants have filed this Notice of Removal within thirty (30) days of July 13, 2009, the date the first defendant in this action was served with the Summons and Complaint, and, hence, the first date upon which any defendant in this action received any paper giving it knowledge that the action was indeed removable.  See 28 U.S.C. § 1446(b).

8.     Defendants are informed and believe that as of the date of filing this removal, no other parties have been served.

## Federal Question Jurisdiction

9.     Plaintiffs purport to bring this action pursuant to 29 U.S.C. § 216(b) and California Code of Civil Procedure § 382 as a class/representative action, and seek class certification on behalf of "the class of all persons similarly situated, the general public, and all aggrieved employees employed by Defendant." (Exhibit A,

9702688.1

Complaint, ¶ 15).  Plaintiff proposes six (6) subclasses which she defines as follows:

(1)    "Class I – The California Labor Code § 510, 1194 and IWC Wage Order 4-2001 Overtime Class" is defined as "all employees of Countrywide, who at all relevant times, were employees of Countrywide as Customer Service Tele Reps ("CSTR") who were paid on an hourly basis who were subject to Countrywide's illegal practice of requiring Plaintiff and all others similarly situated to work overtime without payment of overtime at one and one-half times their regular rate for all hours worked over forty (40) per week in violation of California Labor Code §§ 510 and 1194, and IWC Wage Order 4-2001." ("California Subclass I")(Exhibit A, Complaint, ¶ 17); and

(2)    "Class II – The Fair Labor Standards Act 29 U.S.C. § 207(a)(1) (Overtime) Class" is defined as "all employees of Countrywide, who at all relevant times were employees of Countywide as (CSTRs) who were paid on an hourly basis who were subject to Countrywide's illegal practice of requiring Plaintiff and all others similarly situated to work overtime without payment of overtime at one and one-half times their regular rate for all hours worked over forty (40) per week in violation of The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1)." ("FLSA Subclass II") (Exhibit A, Complaint, ¶ 23).

(3)    "Class III – The California Labor Code § 201 (Waiting Time Penalties) Class" is defined as "all former employees of Defendant, who at all relevant times were employed as (CSTRs) of Defendant whose employment terminated with Defendant and which Defendant failed to pay all of the wages due by the deadlines imposed under California Labor Code §§ 201 and 202." ("California Subclass III")  (Exhibit A, Complaint, ¶ 28).

(4)    "Class IV – Failure to Provide an Accurate Itemized Statement in Violation of California Labor Code 226" Class is defined as "all persons who are or were employed by Defendant in the State of California as (CSTRs) within the one year preceding the filing of this Complaint who have received wages from the

1 │ Defendant in the form of checks that fail to provide either a detachable stub or

2 │ separate document containing the total hours worked by the employee in violation of

3 │ California Labor Code § 226(a)(2)." ("California Subclass IV") (Exhibit A,

4 │ Complaint, ¶ 33).

5 │        (5)     "Class V – The California Labor Code 1194 and IWC Wage

6 │ Order 4-2001 Minimum Wage Class" is defined as "all employees of Countrywide,

7 │ who at all relevant times were employees of Countrywide as (CSTRs) who were

8 │ paid on an hourly basis who were subject to Countrywide's illegal practice of

9 │ requiring Plaintiff and all others similarly situated to work without compensation at

10 │ the minimum wage in violation of California Labor Code § 1194, and IWC Wage

11 │ Order 4-2001." ("California Subclass V") (Exhibit A, Complaint, ¶ 39).

12 │        (6)     "Class VI – The Fair Labor Standards Act 29 U.S.C. 206(a) –

13 │ Minimum Wage Class" is defined as "all employees of Countrywide, who at all

14 │ relevant times were employees of Countrywide as (CSTRs) who were paid on an

15 │ hourly basis who were subject to Countrywide's illegal practice of requiring Plaintiff

16 │ and all others similarly situated to work without compensation at the minimum wage

17 │ in violation of the Fair Labor Standards Act 29 U.S.C. 206(a)." ("FLSA Subclass

18 │ VI") (Exhibit A, Complaint, ¶ 45).

19 │     10.    Plaintiff's Complaint purports to allege eight (8) claims for relief, as

20 │ follows:

21 │        (1)     Recovery of overtime wages on behalf of a nationwide class of

22 │ CSTRs, as a result of alleged violations of the overtime wage provisions of the

23 │ California Labor Code;

24 │        (2)     Recovery of overtime wages on behalf of a nationwide class of

25 │ CSTRs, as a result of alleged violations of the overtime wage provisions of the

26 │ FLSA, 29 U.S.C. § 201 et seq.;

27 │        (3)     Recovery of waiting time penalties on behalf of a nationwide

28 │ class of CSTRs whose employment terminated with Defendants, as a result of

9702688.1

1    alleged violations of Cal. Lab. Code § 203;

2            (4)    Civil penalties on behalf of a California subclass of CSTRs, as a

3    result of alleged violations of Cal. Lab. Code §226.

4            (5)    Recovery of minimum wages on behalf of a nationwide class of

5    CSTRs, as a result of alleged violations of the overtime wage provisions of the

6    California Labor Code;

7            (6)    Recovery of minimum wages on behalf of a nationwide class of

8    CSTRs, as a result of alleged violations of the overtime wage provisions of the

9    FLSA, 29 U.S.C. § 201 et seq.;

10            (7)    Restitution on behalf of a nationwide class of CSTRs, as a result

11    of alleged violations of Cal. Bus. & Prof. Code § 17200 et seq.; and

12            (8)    Recovery of penalties on behalf of a California subclass of

13    CSTRs pursuant to the California Private Attorney General Act of 2004 ("PAGA").

14        11.    This Court has original jurisdiction over this action pursuant to 28

15    U.S.C. § 1331, and it is one which may be removed to this Court by Defendants

16    pursuant to 28 U.S.C. § 1441(b) in that Plaintiff's Second and Sixth Claims for

17    Relief arise out of and involve substantial federal questions under the FLSA, 29

18    U.S.C. § 201 et seq.

19        12.    Plaintiff's purported <u>Second and Sixth Claims For Relief</u> are premised

20    entirely on the FLSA, alleging that Defendants violated the FLSA by failing to pay

21    putative class members minimum and overtime wages.  (Exhibit A, Complaint, ¶¶

22    22-27 and 44-49).

23                    **Supplemental Jurisdiction**

24        13.    The purported <u>First, Third, Fourth, Fifth and Seventh Claims for Relief</u>

25    in Plaintiff's Complaint also relate to Defendants' alleged employment of Plaintiff

26    and the putative class members she purports to represent, and all of the claims,

27    which assert violations of California wage and hour laws and a claim for unfair and

28    unlawful business practices, arise out of the same common nucleus of operative

9702688.1

facts:  Defendants allegedly requiring putative class members' to perform work off-the-clock; their alleged failure to pay the putative class members minimum and overtime wage compensation for those unrecorded hours of work, their alleged failure to pay all wages due and owing to resigning and/or discharged employees, and their alleged failure to provide itemized wage statements.  For this reason, and to the extent these purported claims involve associated and related state law causes of action, this Court has supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a).  Havel v. SunAmerica Securities, Inc., 2006 U.S. Dist. LEXIS 77244, *8-9 (N.D. Cal. 2006) (denying remand and holding supplemental jurisdiction was proper under 28 U.S.C. § 1367 over the plaintiff's state law claims alleging failure to pay minimum wage and overtime compensation and failure to provide meal and rest breaks).

## CAFA Jurisdiction

14.   Under CAFA, this Court has jurisdiction over class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the aggregate amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

15.   Defendants are informed and believe that Plaintiff Dominique Whitaker is a resident and citizen of the State of California. (Exhibit A, Complaint, ¶¶ 5 and 6.)

16.   Defendants CFC and BOAC are corporations formed and existing under laws of the State of Delaware. At the time the Complaint was filed, the principal place of business for both Defendants is, and was, in Charlotte, North Carolina. Thus, Defendants were not and are not citizens of the State of California but, rather, were and are citizens of the States of Delaware and North Carolina for the purpose of determining jurisdiction.  Plaintiff Dominique Whitaker purports to be a member of the putative class and is a citizen of a state different from

9702688.1

1    Defendants.

2        17.    Plaintiff's Complaint is silent as to the total amount of monetary relief

3    claimed.  The failure of the Complaint and FAC to specify the total amount of

4    monetary relief sought by Plaintiff and the putative class members she purports to

5    represent does not deprive this Court of jurisdiction.  Defendants need only establish

6    that Plaintiff's claims exceed the jurisdictional minimum under CAFA and that the

7    class action involves at least one defendant and members of the putative class of

8    plaintiffs which are citizens of different states.  28 U.S.C. § 1453(b).  Therefore, the

9    diversity of citizenship between Plaintiff Dominique Whitaker (California) and

10    Defendant BOAC (Delaware and/or North Carolina), is permissible grounds for

11    removal of this action under CAFA.

12        18.    According to the Complaint, the putative California Subclass I, IV and

13    V consist of at least 100 putative class members, the putative California Subclass III

14    consists of  at least 50 putative members and the putative nationwide FLSA

15    Subclass II and VI consist of at least 100 putative class members. (Exhibit A,

16    Complaint, ¶¶ 18, 24, 29, 34, 40 and 46). Plaintiff further avers that the true number

17    of putative class members is "likely more, (and) is so numerous that the joinder of

18    each member of the class is impracticable."  (Exhibit A, Complaint, ¶¶ 18, 24, 29,

19    34, 40 and 46).  The burden of establishing federal jurisdiction under CAFA lies

20    with Defendants as the removing parties.  <u>Abrego v. The Dow Chemical Co.</u>, 443

21    F.3d 676, 686 (9th Cir. 2006).  However, the court considers as evidence of the

22    amount in controversy that which is "facially apparent" on the complaint, as well as

23    facts submitted in the removal petition, particularly where, as here, the amount in

24    controversy is not plainly evident from the pleadings.  <u>Rippee v. Boston Market</u>

25    <u>Corp.</u>, 408 F.Supp.2d 982, 984 (S.D. Cal. 2005).

26        19.    Plaintiff claims to have worked for Defendants as a "(CSTR), in the

27    State of California within the four years preceding the filing of this Complaint."

28    (Exhibit A, Complaint, ¶ 6).  Plaintiff purports to represent a putative class and

9702688.1

subclass of Defendants' employees who were employed in the position of "all persons similarly situated, the general public, and all aggrieved employees of Countrywide, who at all times were employees of Countrywide as (CSTRs)" and/or "whose employment terminated with Defendant" (Exhibit A, Complaint, ¶¶ 17, 23, 28, 33, 39 and 45).  Plaintiff asserts that her claims are typical of those of the putative class members she seeks to represent.  (Exhibit A, Complaint, ¶¶ 20, 26, 31, 36, 42 and 48).

20.   For purposes of calculating the amount in controversy for the sole and limited purpose of determining CAFA jurisdiction, as set forth below, and based on the allegations in the Complaint, Defendants have utilized the following conservative assumptions:

- California Subclasses I, IV and V contain 100 putative members total;
- FLSA Subclasses II and VI contain an additional 100 putative members total;
- California Subclass III (resigned/terminated employees) contains an additional 50 putative members total;
- The average current base hourly wage, based upon Company records, for CSTRs is $14.73 per hour ($22.10 per hour overtime rate).
- The putative class members were paid bi-monthly, or 26 times per year.

20.   Plaintiff's First, Second, Fifth and Sixth Causes of Action in the Complaint allege claims for overtime compensation and/or minimum wage violations on the purported basis that she and the putative members of California Subclasses I and V and FLSA Subclasses II and VI were not paid for all hours worked and/or for all hours worked in excess of 40 hours per week and/or 8 hours per day, depending on the statutory basis for each respective overtime claim. (Exhibit A, Complaint, ¶¶ 51, 54, 58 and 59). A four-year statute of limitations applies to Plaintiff's First and Seventh Causes of Action for restitution of overtime wages under Cal. Bus. & Prof. Code Section 17204.  (Cal. Bus. & Prof. Code §

9702688.1

17208.)  A three-year statute of limitation applies to Plaintiff's Second, Fifth and

Sixth Causes of Action for overtime wages pursuant to <u>Cal. Labor Code</u> § 1194 and

the FLSA.  <u>Cal. Code Civ. Proc.</u> § 338(a); 29 U.S.C. § 207, et seq.

   21. For purposes of determining the amount in controversy for the alleged

unpaid compensation underlying each of Plaintiff's claims for relief, Defendants

reasonably have assumed that each of the 100 putative class members in California

Subclasses I and V will claim to have worked 1 hour of overtime per day, 5 days per

week, for 50 weeks per year, over the course of four years during the maximum

applicable limitations period.  Thus, each of the 100 CSTRs in the putative

California Subclasses I and V would claim to be owed overtime wages of $22.10 per

hour multiplied by 1,000 hours of overtime (5 days x 50 weeks x 4 years), or

$22,100.00 per putative California Subclasses I and V CSTRs.  This calculation

yields an amount in controversy for all 100 California Subclasses I and V CSTRs for

unpaid overtime of **$2,210,000.00** on the claims for relief based upon alleged unpaid

compensation set forth in the **First and Fifth** Causes of Action.

   22. For purposes of determining the amount in controversy for the alleged

unpaid compensation underlying each of Plaintiff's claims for relief, Defendants

reasonably have assumed that each of the 100 putative class members in FLSA

Subclasses II and VI also will claim to have worked 1 hour of overtime per day, 5

days per week, for 50 weeks per year, over the course of three years during the

maximum applicable limitations period.  Thus, each of the 100 CSTRs in the

putative FLSA Subclasses II and VI would claim to be owed overtime wages of

$22.10 per hour multiplied by 750 hours of overtime (5 days x 50 weeks x 3 years),

or $16,575.00 per putative FLSA Subclasses II and VI CSTRs.  This calculation

yields an amount in controversy for all 100 FLSA Subclasses II and VI CSTRs for

unpaid overtime of **$1,657,500.00** on the claims for relief based upon alleged unpaid

compensation set forth in the **Second and Sixth** Causes of Action.

   23. Plaintiff's purported <u>Third Cause of Action of the Complaint</u> alleges

9702688.1

1  Defendants failed to timely pay all wages due to discharged and resigning CSTRs in
2  violation of Cal. Labor Code §§ 201 and 202, and therefore, seeks waiting time
3  penalties in an amount equal to 30 days' wages pursuant to Cal. Labor Code § 203.
4  (Exhibit A, Complaint, ¶ 64.)  A three-year limitations period applies to this claim.
5  Cal. Labor Code § 203; Cal. Code Civ. Proc. § 338(a).  For purposes of determining
6  the amount in controversy, Defendants estimate that California Subclass III, on
7  whose behalf this claim is made, consists of approximately 50 putative class
8  members who will claim a full 30 days of waiting time penalties.  To calculate the
9  amount in controversy on this claim, Defendants utilized the average regular hourly
10  pay rate for the CSTR position and an 8-hour workday for each putative class
11  member.  No overtime or incentive compensation was included.  The calculation of
12  waiting time penalties ($14.73 per hour x 8 hours per day x 30 days, multiplied by
13  50 CSTRs) yielded an amount in controversy for the purported **Third Cause of**
14  **Action** of **$176,760.00**.

15       24.    Plaintiff's purported Fourth and Eighth Causes of Action allege that
16  Defendants failed to "provide either a detachable stub or separate document
17  containing the total hours worked" by Plaintiff and the putative class members in
18  violation of Cal. Labor Code § 226.  (Exhibit A, Complaint, ¶¶ 67.)  Plaintiff also
19  seeks to impose and collect civil penalties under Cal. Labor Code § 226 and 2699
20  pursuant to PAGA.  (Exhibit A, Complaint, ¶¶ 92 and 93.)  There is a one-year
21  statute of limitations for such civil penalties claims.  Pursuant to Cal. Labor Code §
22  226(e), each aggrieved employee who is provided with an inaccurate wage
23  statement may be entitled to recover a civil penalty of $50.00 for the initial pay
24  period in which the violation occurred, and $100.00 per violation for each
25  subsequent pay period.  For purposes of determining the amount in controversy on
26  this claim, Defendants assumes that each of the 100 California Subclass IV CSTRs
27  will assert a claim for penalties under Cal. Labor Code § 226(e). The potential
28  amount in controversy for this claim would be $5,000.00 for the initial pay period

9702688.1

1  ($50.00 x 100 employees) and $250,000.00 for the 25 subsequent pay periods

2  ($100.00 x 100 employees x 25), for a total of $255,000.00.  PAGA provides for an

3  additional civil penalty of $100.00 for each aggrieved employee per pay period for

4  the initial violation, and $200.00 for each aggrieved employee per pay period for

5  each subsequent violation.  Cal. Labor Code § 2699(f)(2).  Thus, the calculation of

6  the potential amount in controversy on the PAGA claim for the applicable one-year

7  statute of limitations period is $10,000.00 for the first pay period violation ($100 x

8  100 employees), and $500,000.00 for the subsequent 25 pay periods ($200.00 x 100

9  employees x 25), or $510,000.00 total in PAGA civil penalties  Thus, the total

10  amount in controversy for Plaintiff's purported **Fourth and Eighth Causes of**

11  **Action** is **$765,000.00**.

12      25.    Plaintiff's Complaint also seeks an award of attorneys' fees in

13  connection with claims pursuant to Cal. Labor Code § 1194.  (Exhibit A, Complaint,

14  ¶¶ 52, 56, 70, 74 and Prayer ¶ 9.)  Cal. Labor Code § 226(e) also is a potential

15  statutory bases which may provide for an award of attorneys' fees in this action.

16  Where attorneys' fees are authorized by statute, they are appropriately part of the

17  calculation of the "amount in controversy" for purposes of removal.  Kroske v. U.S.

18  Bank Corp., 432 F.3d 976, 980 (9th Cir. 2001).  The Ninth Circuit uses a benchmark

19  rate of 25% of the potential damage award as an estimate for attorneys' fees.

20  Applying this benchmark to Defendants' calculations of the potential amounts in

21  controversy, above, the potential amount in controversy related to Plaintiff's demand

22  for a **statutory award of attorneys' fees** is calculated at **$1,202,315.00**.

23      26.    In summary, the amount in controversy in this action for purposes of

24  CAFA is conservatively calculated, based on the information alleged in the

25  Complaint and presently known to Defendants, as follows:

26          First, Fifth and Seventh Causes of Action          $2,210,000.00

27          Second and Sixth Cause of Action                   $1,657,500.00

28

9702688.1

DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA
-12-

| | |
|---|---|
| Third Cause of Action | $176,760.00 |
| Fourth and Eighth Cause of Action | $765,000.00 |
| **Subtotal** | **$4,809,260.00** |
| Statutory Attorneys' Fees Claim | $1,202,315.00 |
| **TOTAL AMOUNT IN CONTROVERSY[1]** | **$6,011,575.00** |

27.     Nothing in this Notice is intended or should be construed as any type of express or implied admission by Defendants of any fact, of the validity or merits of any of Plaintiff's claims and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

**VENUE**

28.     This is a civil action brought in a California state court.  Defendants are informed and believe that the events allegedly giving rise to this action occurred within this judicial district.  This court has original jurisdiction in this action under 28 U.S.C. §§ 1331 and 1332 because (1) a substantial federal question exists based on Plaintiff's Second and Sixth Causes of Action; (2) CAFA permits removal of a class action, even without complete diversity of citizenship between the parties; and (3) the amount in controversy exceeds $5,000,000.00.  Accordingly, as the State Court action is now pending in Ventura County, California, Defendants are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Central District of California.

---

[1] See Paragraph 27, infra.

9702688.1

1  WHEREFORE, Defendants respectfully request that the above-captioned

2  action now pending in the State Court be removed to this United States District

3  Court.

4  DATED: August 12, 2009  **McGuireWooods LLP**

5

6  By: _Michelle R. Walker_

7  Michelle R. Walker

8  Attorneys for Defendants
BANK OF AMERICA CORPORATION
9  and COUNTRYWIDE FINANCIAL
CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9702688.1

DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA
-14-

7/13 @ 12:52P

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

VENTURA
SUPERIOR COURT
**FILED**

JUN 1 6 2009

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____ Deputy

ERIN PATTERSON

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
Countrywide Financial Corporation, a Delaware Corporation doing
business in the state of California; and Bank of America, a Delaware
Corporation doing business in the State of California, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
Dominique Whitaker; on behalf of herself, all others similarly situated,
the general public and as an "aggrieved employee" under the California
Labor Code Private Attorneys General Act,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: (El nombre y dirección de la corte es): | 56-2009-00347482-CU-OE-VTA |
|---|---|

Ventura County Superior Court
800 South Victoria Avenue
Ventura, CA 93009

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mark R. Thierman, Thierman Law Firm, 7287 Lakeside Drive, Reno, NV 89511; (775) 284-1500

| DATE: (Fecha) | JUN 1 6 2009 MICHAEL PLANET | Clerk, by (Secretario) | ERIN PATTERSON | , Deputy (Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify): Bank of America Corporation, a Delaware Corporation

   under: [✓] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT A

Mark R. Thierman Cal SB# 72913
THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500

Shaun Setareh Cal SB#204514
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Blvd, Penthouse Suite #3
Beverly Hills, California 90212
Tel: (310) 888-7771

Attorneys for Plaintiff

VENTURA
SUPERIOR COURT
FILED

JUN 1 6 2009

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____ Deputy
ERIN PATTERSON

C.O.M./TRACK ASSIGNMENT
☐ UNLAWFUL DETAINER
☐ EXPEDITED
☐ STANDARD
☐ UNINSURED MOTORIST
☐ TRACT GOONS TO NOTIFY

READ THE VENTURA COUNTY
LOCAL RULES THAT GOVERN
COMPLIANCE WITH FAST TRACT

ASSIGNED COURT ____ 4

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE CITY AND COUNTY OF VENTURA

| | |
|---|---|
| DOMINIQUE WHITAKER; on behalf of herself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act, <br><br> Plaintiff, <br><br> v. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, a Delaware Corporation doing business in the state of California; and BANK OF AMERICA CORPORATION, a Delaware Corporation doing business in the State of California, and DOES 1-50, inclusive, <br><br> Defendants. | Case No. _____ <br> 56-2009-00347462-CU-OE-VTA <br><br> CLASS, REPRESENTATIVE AND PRIVATE ATTORNEY GENERAL ACTION PLAINTIFF'S CLASS ACTION COMPLAINT FOR: <br> 1. Overtime Wages (Lab. Code 510 and 1194 and IWC Wage Order 4-2001; <br> 2. Overtime Wages (and 29 U.S.C. § 207(a)(1)) <br> 3. Waiting-Time Penalties (Lab. Code 203); <br> 4. Failure to Provide Accurate Itemized Wage Statement (Lab. Code 226) <br> 5. Failure to Pay Minimum Wages (Lab. Code 1194) <br> 6. Failure to Pay Minimum Wages and 29 U.S.C. § 29 USC § 206(a) <br> 7. Violations of the California Business & Professions Code Section 17200 et seq. <br> 8. Penalties Under the California Labor Code Private Attorneys General Act |

1

Comes now Plaintiff Dominique Whitaker ("Plaintiff") on behalf of herself, all others similarly situated, the general public and all aggrieved employees and alleges:

### JURISDICTION AND VENUE

1.       This Court has jurisdiction over the claims alleged herein pursuant to the California Labor Code § § 203, 510, 1194, 2699 and California Business & Professions Code § 17200 and the Industrial Welfare Commission Wage Order 4-2001 (hereinafter "IWC Wage Order 4-2001").

2.       Venue is proper in this Court because the claims alleged herein arose within this judicial district.

### PARTIES AND BACKGROUND

3.       Defendant Countrywide Financial Corporation (hereinafter "Countrywide") is a Delaware Corporation doing business within the State of California.  According to the web page for Defendant, of which a true and correct copy is attached hereto as Exhibit "A," "Countrywide Financial is proud to have become a wholly owned subsidiary of Bank of America Corporation. We have become America's leading home loan provider and we know with this position comes great responsibility to our communities and our customers. We are committed to responsible lending practices, meaningful community development initiatives and providing a broad suite of products. Combining the two companies will create unique opportunities that will build stronger customer relationships and deliver solutions that are more responsive to customers needs."

4.  Defendant Bank of America Corporation (hereinafter "BofA") is a Delaware Corporation doing business in the State of California.  BofA purchased and wholly owns

2

17

Defendant Countrywide Financial Corporation as of July 1, 2008.   See, printout from Countrywide Financial website attached hereto as Exhibit A and Entity Details printed out from the Delaware Division of Corporations attached hereto as Exhibit B.

5.   Plaintiff Dominique Whitaker (hereinafter "Plaintiff") and all others similarly situated, are or were employed by Countrywide as Customer Service Tele Reps, in the State of California within the four years preceding the filing of this Complaint and were paid on an hourly basis and worked more than 40 hours in a work week and 8 hours within a workday but did not receive overtime pay at one and one half times their regular rate of pay for all overtime hours worked in violation of California Labor Code Section 510 and 1194, IWC Wage Order 4-2001 and the Fair Labor Standards Act 29 U.S.C. § 207(a)(1).

6.   Plaintiff and all others similarly situated, are or were employed by Countrywide as Customer Service Tele Reps, in the State of California within the four years preceding the filing of this Complaint and were paid on an hourly basis and performed work for which they did not receive the minimum wage, in fact they received no pay for such work, in violation of California Labor Code Section 1194 and the Fair Labor Standards Act 29 U.S.C. § 206(a).

7.   Defendant required Plaintiff and all others similarly situated to boot up their computers and connect to Defendant's telephone system prior to clocking in each day.   Defendant similarly required Plaintiff and all others similarly situated to shut their computers down and disconnect from Defendant's telephone system after clocking out each day.   This off the clock time worked by Plaintiff and all others similarly situated, was systematically always in favor of the Defendant and was continuous.

3

8. As a result of time Plaintiff and all others similarly situated worked for Defendant off the clock without compensation, this time was not computed in calculating the correct amount of overtime worked by Plaintiff and all others similarly situated.

9. As a result of time Plaintiff and all others similarly situated worked for Defendant off the clock without compensation, Plaintiff and all others similarly situated were not compensated for this time at the minimum wage.

10. As a result of the time Plaintiff and all others similarly situated worked for Defendant off the clock without compensation, the total number of hours worked by Plaintiff and all others similarly situated was not included in their paystubs.

11. Defendant did not include the bonus pay and commission pay into the base rate of Plaintiff and all others similarly situated for purposes of calculating their overtime wages. As such, Defendant did not pay Plaintiff and all others similarly situated the correct overtime rate for overtime hours worked.

12. Countrywide failed to pay all wages due to Plaintiff and all others similarly situated whose employment terminated with Countrywide at the time of their termination of employment with Countrywide in violation of California Labor Code Section 203.

13. Plaintiff and all others similarly situated are or were employed by Countrywide, in the State of California within the one year preceding the filing of this Complaint and were subject to Countrywide's illegal practices of failing to provide an accurate itemized wage statement indicating the total number of hours worked to Plaintiff and all others similarly situated with their wages.

14. Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive, and therefore, sues them by those fictitious names.

15.   Plaintiff brings this action on her own behalf, on behalf of the class of all persons similarly situated, the general public and all aggrieved employees employed by Defendant.

**CLASS ACTION ALLEGATIONS**
**(CLASS I - THE CALIFORNIA LABOR CODE § 510, 1194 and IWC Wage Order 4-2001 OVERTIME CLASS)**

16.   Plaintiff brings this action on her own behalf, on behalf of the class of all persons similarly situated, the general public, and all aggrieved employees employed by Countrywide.

17.   Plaintiff seeks to represent a class of all employees of Countrywide, who at all relevant times were employees of Countrywide as Customer Service Tele Reps who were paid on an hourly basis who were subject to Countrywide's illegal practice of requiring Plaintiff and all others similarly situated to work overtime without payment of overtime at one and one-half times their regular rate for all hours worked over forty (40) per week in violation of California Labor Code § 510 and 1194, and IWC Wage Order 4-2001.  Additionally, for the overtime hours for which Countrywide did compensate Plaintiff and all others similarly situated, the overtime rate did not include the bonus pay and commission into the base pay for purposes of calculating overtime wages.

18.   Class I consists of at least 100 employees, and likely more, which is so numerous that the joinder of each member of the class is impracticable.

19.   There is a well-defined community of interest in the questions of law and fact affecting the members of Class I Plaintiff seeks to represent.  The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class were required to or suffered and permitted to work and did work

5

overtime without payment of overtime at one and one-half times their regular rate for all hours worked over forty (40) per week in violation of California Labor Code § 510 and 1194, IWC Wage Order 4-2001.   An additional question of common or general interest is whether Defendant's policy of not including the bonus pay and commission pay into the base rate of Plaintiff and all others similarly situated for purposes of calculating their overtime wages violated the California Labor Code.

20.      Plaintiff will fairly and adequately represent the interests of the Class I members, because the Plaintiff is a member of the class and the claims of Plaintiff are typical of those in the class.

21.      Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

### CLASS II – THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 207(a)(1) (OVERTIME) CLASS

22.   Plaintiff brings this action on her own behalf, on behalf of the class of all persons similarly situated and the general public.

23. Plaintiff seeks to represent a class of all employees of Countrywide, who at all relevant times were employees of Countrywide as Customer Service Tele Reps who were paid on an hourly basis who were subject to Countrywide's illegal practice of requiring Plaintiff and all others similarly situated to work overtime without payment of overtime at one and one-half times their regular rate for all hours worked over forty (40) per week in violation of The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).   Additionally, for the overtime hours for which Countrywide did compensate Plaintiff and all others similarly situated, the overtime rate did not include the bonus pay and commission into the base pay for purposes of calculating overtime wages.

24. Class II consists of at least 100 employees, and likely more, which is so numerous that the joinder of each member of the class is impracticable.

25. There is a well-defined community of interest in the questions of law and fact affecting the members of Class II Plaintiff seeks to represent.  The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class were required to or suffered and permitted to work and did work overtime without payment of overtime at one and one-half times their regular rate for all hours worked over forty (40) per week in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).  An additional question of common or general interest is whether Defendant's policy of not including the bonus pay and commission pay into the base rate of Plaintiff and all others similarly situated for purposes of calculating their overtime wages violated the Fair Labor Standards Act.

26.      Plaintiff will fairly and adequately represent the interests of the Class II members, because the Plaintiff is a member of the class and the claims of Plaintiff are typical of those in the class.

27.      Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

## CLASS III - THE CALIFORNIA LABOR CODE § 203 (WAITING TIME PENALTIES) CLASS

28.  Plaintiff seeks to represent a class of all former employees of Defendant, who at all relevant times were employed as customer service tele reps of Defendant whose employment

22

terminated with Defendant and which Defendant failed to pay all of the wages due by the deadlines imposed under California Labor Code § § 201 and 202.

29.    Class II consists of at least 50 employees, and likely more, which is so numerous that the joinder of each member of the class is impracticable.

30.    There is a well-defined community of interest in the questions of law and fact affecting the members of Class III Plaintiff seeks to represent. The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy pursuant to which all members' of the class employment was terminated with Defendant and Defendant failed to pay all of the wages they were due by the deadlines imposed under California Labor Code § § 201 and 202.

31.    Plaintiff will fairly and adequately represent the interests of the Class III members, because Plaintiff is a member of the class and the claims of Plaintiff are typical of those in the class.

32.    Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

**CLASS IV**
**(Failure to Provide an Accurate Itemized Wage Statement in Violation of California Labor Code 226)**

33.    Plaintiff seeks to represent a class of all persons who are or were employed by Defendant in the State of California as customer service tele reps within the one year preceding the filing of this Complaint who have received wages from the Defendant in the form of checks that fail to provide either a detachable stub or separate document containing the total hours worked by the employee in violation of California Labor Code § 226(a)(2).

8

34.     Class IV consists of at least 100 employees, and likely more, which is so numerous that the joiner of each member of the class is impracticable.

35.     There is a well-defined community of interest in the questions of law and fact affecting the members of Class IV Plaintiff seeks to represent.   The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of policy pursuant to which all members of the class received wages from the Defendant in the form of checks that fail to provide either a detachable stub or separate document containing the total hours worked by the employee in violation of California Labor Code § 226(a)(2).

36.     Plaintiff will fairly and adequately represent the interests of the Class IV members, because the Plaintiff is a member of the class and the claim of Plaintiff is typical of those in the class.

37.     Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

**CLASS V**
**(THE CALIFORNIA LABOR CODE 1194 AND IWC WAGE ORDER 4-2001 –**
**MINIMUM WAGE CLASS)**

38. Plaintiff brings this action on her own behalf, on behalf of the class of all persons similarly situated, the general public, and all aggrieved employees employed by Countrywide.

39. Plaintiff seeks to represent a class of all employees of Countrywide, who at all relevant times were employees of Countrywide as Customer Service Tele Reps who were paid on an hourly basis who were subject to Countrywide's illegal practice of requiring Plaintiff and all others similarly situated to work without compensation at the minimum wage in violation of California Labor Code § 1194, and IWC Wage Order 4-2001.

9

24

40.    Class V consists of at least 100 employees, and likely more, which is so numerous that the joinder of each member of the class is impracticable.

41.    There is a well-defined community of interest in the questions of law and fact affecting the members of Class V Plaintiff seeks to represent.  The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class were required to or suffered and permitted to work and did work without payment at the minimum wage for all hours worked in violation of California Labor Code § 1194 and IWC Wage Order 4-2001.

42.    Plaintiff will fairly and adequately represent the interests of the Class V members, because the Plaintiff is a member of the class and the claims of Plaintiff are typical of those in the class.

43.    Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

CLASS VI
(THE FAIR LABOR STANDARDS ACT 29 U.S.C. 206(a) – MINIMUM WAGE CLASS)

44. Plaintiff brings this action on her own behalf, on behalf of the class of all persons similarly situated, the general public, and all aggrieved employees employed by Countrywide.

45. Plaintiff seeks to represent a class of all employees of Countrywide, who at all relevant times were employees of Countrywide as Customer Service Tele Reps who were paid on an hourly basis who were subject to Countrywide's illegal practice of requiring Plaintiff and all others similarly situated to work without compensation at the minimum wage in violation of The Fair Labor Standards Act 29 U.S.C. 206(a).

25

46.     Class VI consists of at least 100 employees, and likely more, which is so numerous that the joinder of each member of the class is impracticable.

47.     There is a well-defined community of interest in the questions of law and fact affecting the members of Class VI Plaintiff seeks to represent.  The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class were required to or suffered and permitted to work and did work without payment at the minimum wage for all hours worked in violation of The Fair Labor Standards Act 29 U.S.C. 206(a).

48.     Plaintiff will fairly and adequately represent the interests of the Class VI members, because the Plaintiff is a member of the class and the claims of Plaintiff are typical of those in the class.

49.     Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class

**FIRST CAUSE OF ACTION**
**(Failure To Pay Overtime In Violation of California Labor Code § 510 and 1194 and**
**IWC Wage Order 4-2001)**

50.     Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

51. California Labor Code § 510 states:

(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any

11

work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following:

(1) An alternative workweek schedule adopted pursuant to Section 511.

(2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

(3) An alternative workweek schedule to which this chapter is inapplicable pursuant to Section 554.

(b) Time spent commuting to and from the first place at which an employee's presence is required by the employer shall not be considered to be a part of a day's work, when the employee commutes in a vehicle that is owned, leased, or subsidized by the employer and is used for the purpose of ridesharing, as defined in Section 522 of the Vehicle Code.

(c) This section does not affect, change, or limit an employer's liability under the workers' compensation law.

52. California Labor Code § 1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

53. The Industrial Wage Commission Wage Order No. 4-2001(3) states in pertinent part as follows:

(A) Daily Overtime - General Provisions
(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work.

12

Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:
(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek;

54.   At all times relevant, Defendant has failed to pay Plaintiff and the putative members of Class I (as described in paragraph 17 above) overtime for all of the hours they have worked over 40 per week in violation of the California Labor Code, and the IWC.  Plaintiff and the putative members of Class I were not employed in an executive, administrative or professional capacity, nor were they employed pursuant to a validly enacted alternative workweek. Additionally, for the overtime hours for which Countrywide did compensate Plaintiff and all others similarly situated, the overtime rate did not include the bonus pay and commission into the base pay for purposes of calculating overtime wages.

55.   In particular, Defendant's compensation scheme fails to properly pay Plaintiff and the members of Class I overtime compensation at one and one-half times their regular rate of pay for many hours worked over 40 per week.

56. Defendant's failure to pay Plaintiff and the putative members of Class I overtime compensation at one and one-half times their regular rate of pay for all hours worked in excess of 40 per week violates the California Labor Code and Plaintiff, on behalf of herself and all putative members of Class I, seeks compensation for all overtime hours worked for the time period relevant herein as well as attorneys' fees and costs.

### SECOND CAUSE OF ACTION
**Overtime Under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1)**

57. Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

58. The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), states that an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

59.   At all times relevant, Defendant has failed to pay Plaintiff and the putative members of Class II (as described in paragraph 23 above) overtime for all of the hours they have worked over 40 per week in violation of the Fair Labor Standards Act.  Plaintiff and the putative members of Class II were not employed in an executive, administrative or professional capacity, nor were they employed pursuant to a validly enacted alternative workweek.   Additionally, for the overtime hours for which Countrywide did compensate Plaintiff and all others similarly situated, the overtime rate did not include the bonus pay and commission into the base pay for purposes of calculating overtime wages.

60. In particular, Defendant's compensation scheme fails to properly pay Plaintiff and the members of Class II overtime compensation at one and one-half times their regular rate of pay for many hours worked over 40 per week.

61. Defendant's failure to pay Plaintiff and the putative members of Class II overtime compensation at one and one-half times their regular rate of pay for all hours worked in excess of 40 per week violates the Fair Labor Standards Act and Plaintiff, on behalf of herself and all putative members of Class II, seeks compensation for all overtime hours worked for the time period relevant herein as well as attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(California Labor Code § 203 Waiting Penalties)**

14

62. Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

63. California Labor Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.
> Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

64. Defendant willfully and intentionally failed to pay Plaintiff and the putative members of Class III all of the wages they were due by the deadlines imposed under California Labor Code § § 201 and 202.  Accordingly, Plaintiff and the putative members of Class III seek waiting time penalties of up to 30 days pay.

## FOURTH CAUSE OF ACTION
### (Failure to Provide an Accurate Itemized Wage Statement, California Labor Code Section 226)

65.     Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

66.     California Labor Code § 226(a)(2) states:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing *** (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment

15

30

of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission ...

67.     By issuing Plaintiff and the putative class members of Class IV (as described in paragraph 33 above) wages in the form of checks that fail to provide either a detachable stub or separate document containing the total hours worked by the employee, Defendant has violated California Labor Code § 226(a)(2). California Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a wage statement without the required information, the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to a total of $4,000, plus costs and attorneys' fees.

68.     Defendant knowingly and intentionally failed to provide Plaintiff and the putative members of Class IV with accurate itemized wage statements as required by California Labor Code § 226(a)(2). As a result, Plaintiff and all members of Class IV are entitled to the maximum amount of damages, costs and attorneys' fees allowed by California Labor Code § 226(e) for the relevant time period set forth herein.

## FIFTH CAUSE OF ACTION
**(Failure to Pay Minimum Wage in Violation of California Labor Code Section 1194 and IWC Wage Order No. 4-2001)**

69.     Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

70.     California Labor Code § 1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

16

71.     The California Industrial Welfare Commission, Wage Order 4-2001 provides in pertinent part as follows:

> 4. MINIMUM WAGES
> (A) Every employer shall pay to each employee wages not less than seven dollars and fifty cents ($7.50) per hour for all hours worked, effective January 1, 2007, and not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008, except: LEARNERS. Employees during their first 160 hours of employment in occupations in which they have no previous similar or related experience, may be paid not less than 85 percent of the minimum wage rounded to the nearest nickel.
> (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.
> (C) When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment.
> (D) The provisions of this section shall not apply to apprentices regularly indentured under the State Division of Apprenticeship Standards.

72.     At all times relevant, Defendant has failed to pay Plaintiff and the putative members of Class V (as described in paragraph 39 above) minimum wage for all of the hours they have worked in violation of the California Labor Code.

73.     In particular, Defendant's compensation scheme fails to properly pay Plaintiff and the members of Class V for many work-related activities, including requiring Plaintiff and putative members of Class V to boot up their computer systems and connect to Defendant's telephone system prior to clocking in each day and shutting down their computer systems and disconnecting from Defendant's telephone system after clocking out each day.

74.     Defendant's failure to pay Plaintiff and the putative members of Class V the minimum wage for all hours worked violates the California Labor Code and the IWC Wage

Order 4-2001, and Plaintiff, on behalf of herself and all putative members of Class V, seeks compensation for all unpaid straight time at the minimum wage for the time period relevant herein as well as attorneys' fees and costs.

### SIXTH CAUSE OF ACTION
**(Failure to Pay Minimum Wage in Violation of The Fair Labor Standards Act, 29 U.S.C. 206(a))**

75.     Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

76.     The Fair Labor Standards Act, 29 USC § 206(a) states that an employee must be paid the minimum wage for all hours worked.

77.     At all times relevant, Defendant has failed to pay Plaintiff and the putative members of Class VI (as described in paragraph 45 above) minimum wage for all of the hours they have worked in violation of the Fair Labor Standards Act.

78.     In particular, Defendant's compensation scheme fails to properly pay Plaintiff and the members of Class VI for many work-related activities, including requiring Plaintiff and putative members of Class VI to boot up their computer systems and connect to Defendant's telephone system prior to clocking in each day and shutting down their computer systems and disconnecting from Defendant's telephone system after clocking out each day.

79.     Defendant's failure to pay Plaintiff and the putative members of Class VI the minimum wage for all hours worked violates the Fair Labor Standards Act, and Plaintiff, on behalf of herself and all putative members of Class VI, seeks compensation for all unpaid straight time at the minimum wage for the time period relevant herein as well as attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION
**(Unfair Competition- Business & Professions Code, Section 17200, et seq.)**

18

80.      Plaintiff refers to paragraphs 1 through 80 herein above and by reference thereto incorporates the same herein.

81.      California Business & Professions Code, Section 17200, entitled definition, provides:

"As used in this Chapter, unfair competition shall mean and include any unlawful unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

82.      Defendant 's conduct described herein above, specifically taking overtime labor without payment at the minimum wage for all hours worked and taking labor without paying proper overtime wages, constitutes an unfair and unlawful business practice in violation of provisions of California Business and Professions Code, Section 17200.

83.      Defendant has violated provisions of the Labor Code by failing to pay to Plaintiff and putative class members of Class I overtime pay as required by Labor Code, Section 510, 1194.

84.      Plaintiff demands that Defendant make full restitution for all overtime compensation owed to Plaintiff and putative members of Class I, within four years of the filing of the original complaint until the date of entry of judgment.

85. Defendant has violated provisions of the Labor Code by failing to pay Plaintiff and putative members of Class V the minimum wage for all hours worked as required by Labor Code Section 1194.

86. Plaintiff demands that Defendant make full restitution for all hours worked by Plaintiff and putative members of Class V, within the four years of the filing of the original complaint until the date of entry of judgment.

34

87.      Plaintiff seeks reasonable attorney's fees and costs pursuant to Code of Civil Procedure, Section 1021.5.

## EIGHTH CAUSE OF ACTION
### (California Labor Code Private Attorneys General Act of 2004)

88. Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

89. California Labor Code § 2699(a), also known as the California Labor Code Private Attorneys General Act of 2004, states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

90. Plaintiff is an "aggrieved employee" as that term is defined in the California Labor Code Private Attorneys General Act of 2004 because he is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

91. Plaintiff has met all of the notice requirements set forth in California Labor Code § 2699.3 necessary to commence a civil action.

92. Plaintiff therefore brings this action on behalf of herself and all current and former employees of Defendant (the putative members of Class IV), who, within the one year preceding the filing of this Complaint and continuing therefrom, have not received an accurate itemized statement with their wages, in violation of California labor Code § 226.

35

93. By the conduct described above, Defendant has violated the provisions of California Labor Code § 226. Therefore, Plaintiff on behalf of herself and the putative members of Class IV seeks the full amount of penalties provided for in Labor Code Section 2699.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as hereinafter set forth:

1. For an order of restitution that Defendant pay to Plaintiff and the members of Class I all sums due and owing for failure to pay overtime at one and one half times their regular rate for all hours worked over forty (40) within a week;

2. For an order of restitution that Defendant pay to Plaintiff and the members of Class II all sums due and owing for failure to pay overtime at one and one half times their regular rate for all hours worked over forty (40) within a week;

3. For waiting penalties for Plaintiff and the putative members of Class III, specifically "employee's daily wages for each day he or she remained unpaid up to a total of 30 days" for Plaintiff and members of Class III who terminated employment as provided by Labor Code, Sections 201-203 and for reasonable attorney's fees;

4. For $50 for each initial violation and $100 for each subsequent violation for Plaintiff and each aggrieved member of Class IV per pay period, up to a total of $4,000, pursuant to California Labor Code § 226(e), plus costs and attorneys' fees;

5. For an order of restitution that Defendant pay to Plaintiff and the members of Class V all sums due and owing for failure to pay the minimum wage for all

hours worked and for liquidated damages pursuant to California Labor Code §
1194.2;

6. For an order of restitution that Defendant pay to Plaintiff and the members of
Class VI all sums due and owing for failure to pay the minimum wage for all
hours worked;

7. For an injunction against Defendant enjoining it from all future violations of
the California Labor Code;

8. For all interest on any sums awarded as allowed by law;

9. For all reasonable attorneys fees provided for by any applicable statute;

10. For all costs of this suit allowed by law;

11. For any other and further relief that the court deems just and proper.

Dated this ___9___ day of June, 2009

THIERMAN LAW FIRM


By: _____
Mark R. Thierman
Attorneys for Plaintiff

22

37

Exhibit A

About Countrywide

 Countrywide Financial

about us | investor relations | business partners |

print | contact us | site map | log in

SEARCH

**Countrywide is committed to continuing to help customers achieve and sustain homeownership**

## who we are

Countrywide Financial is proud to have become a wholly owned subsidiary of Bank of America Corporation. We have become America's leading home loan provider and we know with this position comes great responsibility to our communities and our customers. We are committed to responsible lending practices, meaningful community development initiatives and providing a broad suite of products. Combining the two companies will create unique opportunities that will build stronger customer relationships and deliver solutions that are more responsive to customers needs.

With nearly 40 years of experience in the mortgage business, Countrywide is committed to continuing to help customers achieve and sustain homeownership. Countrywide is very excited about the opportunities this merger will provide. Learn more about the merger.

code of ethics
corporate giving
home buying education program
disclaimer

investor relations

careers

click on each for details

### Preserving Homeownership

- Learn tips for avoiding foreclosure, Countrywide wants to help.
- Need help now? Click here for Countrywide's Home Retention Division and our partnerships with consumer advocacy groups.

### Corporate Giving

Countrywide supports nationally recognized non-profit organizations that help achieve and retain homeownership.

- Click here for more information

| IN THE NEWS | IN THE COMMUNITY | IN THE SPOTLIGHT |

Bank of America and Countrywide Merge. **Learn More**



Employee Volunteerism
See how Countrywide works to build communities where we live and work. **Learn More**



Home Ownership Mortgage Education
Our H.O.M.E. program is designed to give consumers the information they need to make informed decisions regarding their home financing needs. www.HomeByCountrywide.com

home loans | loans en español | banking | insurance | your accounts
contact us | site map | about us | investor relations | careers | privacy & security | licenses & registrations

Equal Housing Lender. © 2009 Countrywide Financial Corporation. Trade/service marks are the property of Countrywide Financial Corporation, Countrywide Bank, FSB, or their respective affiliates and/or subsidiaries. Some products may not be available in all states. This is not a commitment to lend. Restrictions apply. All rights reserved.

39

Exhibit B

Division of Corporations - General Information - Entity Details          Page 1 of 1

Frequently Asked Questions   View Search Results   Summary of Charges   Logout

## Entity Details

| | | | |
|---|---|---|---|
| File Number: | 2109447 | Incorporation Date / Formation Date: | 12/02/1986 (mm/dd/yyyy) |
| Entity Name: | COUNTRYWIDE FINANCIAL CORPORATION | | |
| Entity Kind: | CORPORATION | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |
| Status: | MERGED | Status Date: | 07/01/2008 |

**TAX INFORMATION**

| | | | |
|---|---|---|---|
| Last Annual Report Filed: | 2008 | Tax Due: | $ 0.00 |
| Annual Tax Assessment: | $ 96,024.59 | Total Authorized Shares: | 1,001,500,000 |

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Name: | THE PRENTICE-HALL CORPORATION SYSTEM, INC. |
| Address: | 2711 CENTERVILLE ROAD SUITE 400 |
| City: | WILMINGTON |
| County: | NEW CASTLE |
| State: | DE |
| Postal Code: | 19808 |
| Phone: | (302)636-5400 |

**FILING HISTORY (Last 5 Filings)**

| Seq | Document Code | Description | No. of pages | Filing Date (mm/dd/yyyy) | Filing Time | Effective Date (mm/dd/yyyy) |
|---|---|---|---|---|---|---|
| 1 | 0250N | Merger; Non-Survivor | 3 | 06/30/2008 | 15:55 | 07/01/2008 |
| 2 | 0103B | Correction, Designation | 1 | 11/01/2007 | 13:23 | 11/01/2007 |
| 3 | 0151 | Stock Designation | 19 | 08/22/2007 | 17:39 | 08/22/2007 |
| 4 | 0240S | Amendment; Stock | 1 | 08/17/2004 | 16:22 | 08/17/2004 |
| 5 | 0240S | Amendment; Stock | 1 | 01/09/2004 | 15:16 | 01/09/2004 |

Back to Entity Search

To contact a Delaware Online Agent click here.

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Mark R. Thierman, SBN 72913
Thierman Law Firm
7267 Lakeside Drive
Reno, NV 89511
TELEPHONE NO: (775) 284-1500    FAX NO: (775) 703-5027
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Ventura
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura, CA 93009
BRANCH NAME:

CASE NAME:
Dominique Whitaker v. Countrywide Financial Corporation, et al.

| FOR COURT USE ONLY |
|---|
| VENTURA SUPERIOR COURT **FILED** JUN 1 6 2009 MICHAEL D. PLANET Executive Officer and Clerk BY: _____ Deputy ERIN PATTERSON |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 56-2009-00347462-CU-OE-VTA |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 8
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: June 9, 2009
Mark R. Thierman
TYPE OR PRINT NAME                                          SIGNATURE OF PARTY OR ATTORNEY FOR PARTY

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2
Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007]   **CIVIL CASE COVER SHEET**   Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std 3.10 www.courtinfo.ca.gov
American LegalNet, Inc. www.FormsWorkflow.com

42

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

43

California Business Search



**California Business Portal**

Search in State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of MAR 06, 2009 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| BANK OF AMERICA CORPORATION | | |
| Number: C2128692 | Date Filed: 12/28/1998 | Status: active |
| Jurisdiction: DELAWARE | | |
| Address | | |
| 100 N TYRON ST | | |
| CHARLOTTE, NC 28255 | | |
| Agent for Service of Process | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

44

Division of Corporations - Online Services

Page 1 of 1

Delaware.gov | Text Only                    Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

HOME
About Agency
Secretary's Letter
Newsroom
Frequent
Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws
Online
Name Reservation
Entity Search
Status
Validate
Certificate
Customer Service
Survey

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and
Fees
Taxes
Expedited
Services
Service of
Process
Registered Agents
Get Corporate
Status
Submitting a
Request  How to
Form a New
Business Entity
Certifications,
Apostilles &
Authentication of
Documents

Frequently Asked Questions    View Search Results

Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 2109447 | Incorporation Date / Formation Date: | 12/02/1986 (mm/dd/yyyy) |
| Entity Name: | COUNTRYWIDE FINANCIAL CORPORATION | | |
| Entity Kind: | CORPORATION | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |

REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| Name: | THE PRENTICE-HALL CORPORATION SYSTEM, INC. | | |
| Address: | 2711 CENTERVILLE ROAD SUITE 400 | | |
| City: | WILMINGTON | County: | NEW CASTLE |
| State: | DE | Postal Code: | 19808 |
| Phone: | (302)636-5400 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed Information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ⊙ Status ⊙ Status,Tax & History Information [Submit]

[Back to Entity Search]

To contact a Delaware Online Agent click here.

site map  |  about this site  |  contact us  |  translate  |  delaware.gov

VENTURA
SUPERIOR COURT
FILED

JUN 1 0 2009

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____ Deputy

Mark R. Thierman Cal SB# 72913
THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500

Shaun Setareh Cal SB#204514
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Blvd, Penthouse Suite #3
Beverly Hills, California 90212
Tel: (310) 888-7771

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE CITY AND COUNTY OF VENTURA

| | |
|---|---|
| DOMINIQUE WHITAKER; on behalf of herself, all others similarly situated, the general public and as an "aggrieved employees") under the California Labor Code Private Attorneys General Act,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware Corporation doing business in the state of California; and BANK OF AMERICA CORPORATION, a Delaware Corporation doing business in the State of California, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No.:   56-2009-00347462-CU-OE-VTA<br><br>CLASS, REPRESENTATIVE AND PRIVATE ATTORNEY GENERAL ACTION<br>PLAINTIFF'S CONSENT TO SUE |

46

Pursuant to the Fair Labor Standards Act, 29 U.S.C.S. § 216(b), I, Dominique Whitaker, hereby give my consent in writing to become a party plaintiff in the above entitled action and authorize the filing of this consent form.

Dated this ___ day of ___, 2009.

Signed: _____

Name: Dominique Whitaker

2

47

# COPY

**McGUIREWOODS LLP**
Michelle R. Walker, Esq. (SBN 167375)
Matthew C. Kane, Esq. (SBN 171829)
Bethany A. Pelliconi, Esq. (SBN 182920)
Sylvia J. Kim, Esq. (SBN 258363)
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200; Facsimile: (310) 315-8210

Attorneys for Defendants
COUNTRYWIDE FINANCIAL CORPORATION and
BANK OF AMERICA CORPORATION.

VENTURA
SUPERIOR COURT
FILED

AUG 11 2009

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy
M. MIJARES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF VENTURA

| | |
|---|---|
| DOMINIQUE WHITAKER; on behalf of herself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>        Plaintiff,<br><br>    vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware Corporation doing business in the State of California; and BANK OF AMERICA CORPORATION, a Delaware Corporation doing business in the State of California, and DOES 1-50, inclusive,<br><br>        Defendants. | CASE NO.: 56-2009-00347462-CU-OE-VTA<br><br>**DEFENDANTS COUNTRYWIDE FINANCIAL CORPORATION AND BANK OF AMERICA CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

# EXHIBIT B

48

1      **COME NOW** Defendants Countrywide Financial Corporation ("CFC") and Bank of

2 America Corporation ("BOAC") (collectively,"Defendants"), and answer the putative Class Action

3 Complaint ("Complaint") filed by Plaintiff Dominique Whitaker ("Plaintiff"), individually and

4 purportedly on behalf of the general public and all those similarly situated, on behalf of themselves

5 and no other defendant or party, as follows:

## GENERAL DENIAL

7      Defendants generally and specifically deny each, every, and all of the allegations contained

8 in Plaintiff's Complaint and each cause of action of said Complaint and the whole thereof, and

9 deny that Plaintiff and the putative class members she purports to represent were damaged as

10 alleged, or at all.

## AFFIRMATIVE AND OTHER DEFENSES

12      Defendants separately allege that each of the following is likely to have evidentiary support

13 after a reasonable opportunity for further investigation or discovery:

## FIRST DEFENSE

15      1.     The Complaint and each and every purported cause of action alleged therein fails to

16 state any claim upon which relief can be granted.

## SECOND DEFENSE

18      2.     The Complaint and each and every purported cause of action alleged therein is barred

19 in whole or part by all applicable statutes of limitations, including but not limited to California Code

20 of Civil Procedure §§ 338, 340 and/or 343 and California Business & Professions Code § 17208.

## THIRD DEFENSE

22      3.     Without admitting the existence of any duties or obligations as alleged in the

23 Complaint, any such duties or obligations which Plaintiff and the putative class members she

24 purports to represent claim are owed by these answering Defendants have been fully performed,

25 satisfied, and/or discharged.

## FOURTH DEFENSE

27      4.     Plaintiff and the putative class members she purports to represent failed to exercise

28 reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly

49

1 | denied) and, therefore, are barred from recovering any damages or any damages awarded to them
2 | should be reduced accordingly.

3 | ### FIFTH DEFENSE

4 | 5.    If Plaintiff and the putative class members she purports to represent suffered any
5 | harm/damages (if any were in fact suffered, which is expressly denied), said harm/damages was
6 | proximately caused by their own acts.

7 | ### SIXTH DEFENSE

8 | 6.    The Complaint and each and every purported cause of action alleged therein is barred
9 | by the doctrine of estoppel.

10 | ### SEVENTH DEFENSE

11 | 7.    The Complaint and each and every purported cause of action alleged therein is barred
12 | by the doctrine of waiver.

13 | ### EIGHTH DEFENSE

14 | 8.    The Complaint and each and every purported cause of action alleged therein is barred
15 | by the doctrine of consent.

16 | ### NINTH DEFENSE

17 | 9.    The Complaint and each and every purported cause of action alleged therein is barred
18 | by the doctrine of "unclean hands."

19 | ### TENTH DEFENSE

20 | 10.    These answering Defendants acted reasonably, lawfully, and in good faith at all times
21 | material herein based on all relevant facts and circumstances known to them.

22 | ### ELEVENTH DEFENSE

23 | 11.    Although these answering Defendants generally and specifically deny that they owe
24 | any amounts to Plaintiff and the putative class members she purports to represent, if it should be
25 | determined that any amounts are owed, Defendants allege that at all times herein reasonable, good
26 | faith disputes existed as to whether any such amounts were owed.

27
28

50

### TWELFTH DEFENSE

12.    Plaintiff's Complaint is barred in whole or in part because Plaintiff and the putative class members she purports to represent failed to exhaust their administrative remedies.

### THIRTEENTH DEFENSE

13.    Any recovery on Plaintiff's Complaint with respect to the allegations for failure to pay overtime is barred because Plaintiff and the putative class members she purports to represent were paid all compensation and benefits to which they were lawfully entitled and to which they voluntarily agreed and expected.

### FOURTEENTH DEFENSE

14.    Plaintiff's claims and those of the putative class members she purports to represent are barred and/or recovery is precluded, in whole or in part, because these answering Defendants' conduct was not willful.

### FIFTEENTH DEFENSE

15.    The Complaint, and each purported cause of action alleged therein, fails to state a claim for attorneys' fees against these answering Defendants.

### SIXTEENTH DEFENSE

16.    Plaintiff's claims and those of the putative class members she purports to represent are barred, in whole or in part, because they lack standing, including, without limitation, they have not suffered any injury in fact and have not lost money or property, and/or they are former employees.

### SEVENTEENTH DEFENSE

17.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because these answering Defendants' conduct was at all times privileged, undertaken in good faith and/or justified under applicable state and/or federal law, and for legitimate business reasons.

### EIGHTEENTH DEFENSE

18.    These answering Defendants are entitled to an offset for any monies received by Plaintiff and the putative class members she purports to represent from any source in compensation

4

51

for their alleged economic and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery under applicable law.

**NINETEENTH DEFENSE**

19.     The court should or must abstain from adjudicating the claims alleged in Plaintiff's Complaint under the primary jurisdiction doctrine.

**TWENTIETH DEFENSE**

20.     If the alleged unlawful policies did exist, which these answering Defendants dispute, Plaintiff's claims and those of the putative class members she purports to represent are barred in that they have failed to fulfill conditions precedent to the enforcement of such alleged policies.

**TWENTY-FIRST DEFENSE**

21.     If the alleged unlawful policies did exist, which these answering Defendants dispute, they were modified.

**TWENTY-SECOND DEFENSE**

22.     If the alleged unlawful policies did exist, which these answering Defendants dispute, they were terminated.

**TWENTY-THIRD DEFENSE**

23.     These answering Defendants' actions with reference to Plaintiff and the putative class members she purports to represent were taken in good faith exercise of their professional judgment, with the honest, reasonable belief that such actions and conduct were warranted by the facts and circumstances known to them at the time.

**TWENTY-FOURTH DEFENSE**

24.     These answering Defendants are entitled to a setoff for amounts Plaintiff and the putative class members she purports to represent owe it for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

**TWENTY-FIFTH DEFENSE**

25.     The claims of Plaintiff and the putative class members she purports to represent are barred in whole or in part by the doctrine of avoidable consequences.

1

### TWENTY-SIXTH DEFENSE

2    26.    Plaintiff's Complaint and each and every purported claim alleged therein,

3  individually and on behalf of the putative class members she purports to represent, are barred based

4  on one or more accords and satisfactions.

5

### TWENTY-SEVENTH DEFENSE

6    27.    Plaintiff's Complaint and each and every purported claim alleged therein,

7  individually and on behalf of the putative class members she purports to represent, are barred based

8  on one or more novations.

9

### TWENTY-EIGHTH DEFENSE

10    28.    Plaintiff's Complaint and each and every purported claim alleged therein,

11  individually and on behalf of the putative class members she purports to represent, are barred by one

12  or more settlement agreements and/or releases.

13

### TWENTY-NINTH DEFENSE

14    29.    Plaintiff's Complaint and each and every purported claim alleged therein,

15  individually and on behalf of the putative class members she purports to represent, to the extent that

16  they seek any type of penalties, punitive or exemplary damages, are barred because they violate

17  these answering Defendants' right to due process under the United States Constitution, including

18  without limitation the Fourteenth Amendment thereto, and applicable State Constitution provisions.

19

### THIRTIETH DEFENSE

20    30.    Plaintiff's Complaint and each and every purported claim alleged therein,

21  individually and on behalf of the putative class members she purports to represent, is barred because

22  at all times relevant hereto, these answering Defendants did not require Plaintiff or the putative class

23  members she purports to represent to work any hours without appropriate compensation or

24  otherwise.

25

### THIRTY-FIRST DEFENSE

26    31.    Defendant Countrywide Financial Corporation is misjoined as a party to this action in

27  that, at all times relevant to this action, it was not the employer of Plaintiff and the putative class

28  members she purports to represent.

6

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### THIRTY-SECOND DEFENSE

32.    Plaintiff and the putative class members she purports to represent intentionally or negligently relinquished and waived any rights they may have had to institute an action for the alleged wrongdoings asserted in the Complaint in that they were a major contributing factor to the alleged losses of which they now complain and, by virtue thereof, have waived and/or are estopped from asserting any claims based on the consequences that flow from this answering Defendants' alleged wrongdoing.

### THIRTY-THIRD DEFENSE

33.    Plaintiff's Complaint and each and every claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred in whole or in part by the doctrines of release, waiver, estoppel, ratification, acquiescence, consent and/or agreement based on their acceptance of wages paid to them throughout their employment without protest and their acceptance of final payment of wages to them, without protest, and their agreement that no other wages were owed at the time of termination.

### THIRTY-FOURTH DEFENSE

34.    Plaintiff's Complaint and each and every claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred because any losses are de minimis and cannot be recovered.

### THIRTY-FIFTH DEFENSE

35.    Plaintiff's Complaint and each and every claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred to the extent Plaintiff and such putative class members fell within a class of plaintiffs in another action that had identical claims which have been adjudicated.

### THIRTY-SIXTH DEFENSE

36.    Plaintiff's claims and those of the putative class members she purports to represent for penalties is unconstitutional in that, among other things, it is void for vagueness, violates the equal protection clause, violates the due process clause, is an undue burden on interstate commerce and/or violates the Eighth Amendment proscription against excessive fines.

7

54

**THIRTY-SEVENTH DEFENSE**

37.     Plaintiff's claims and those of the putative class members she purports to represent are barred, in whole or in part, because they lack standing to bring the claims.

**THIRTY-EIGHTH DEFENSE**

38.     Plaintiff and the putative class members she purports to represent have knowingly submitted to any alleged wage violations.

**THIRTY-NINTH DEFENSE**

39.     Plaintiff's claims and those of the putative class members she purports to represent are barred by their failure to demand payment.

**FORTIETH DEFENSE**

40.     Plaintiff and the putative class members she purports to represent have failed to state a claim for prejudgment interest against these answering Defendants.

**FORTY-FIRST DEFENSE**

41.     Defendants reserve the right to assert that some or all of Plaintiff's claims and/or her demands for relief, and those of the putative class members, are barred or are otherwise not actionable because of the after acquired evidence doctrine and conduct of Plaintiff and the putative class members if the facts reveal this to be the case upon completion of discovery.

**FORTY-SECOND DEFENSE**

42.     Without admitting the allegations of the Complaint, these answering Defendants allege that Plaintiff's Complaint is barred, in whole or in part, because the alleged practices are not unfair (as defined or utilized in Cal. Bus. & Prof. Code §17200 or otherwise), the public is not likely to be deceived by any alleged practices, these answering Defendants gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact it may cause.

**FORTY-THIRD DEFENSE**

43.     Plaintiff's claims and those of the putative class members she purports to represent are barred, in whole or in part, because these answering Defendants' business practices are not and were not "unlawful" (as defined or utilized in Cal. Bus. & Prof. code §17200 or otherwise) in that

1  they complied with all applicable statutes and regulations in the payment of wages to Plaintiff.

2  **FORTY-FOURTH DEFENSE**

3      44.    Plaintiff's Complaint and each and every purported claim alleged therein brought on

4  any type of a class action, collective action or representative action basis cannot be maintained as a

5  class action or representative action, or as an action for individual recovery, because the named

6  Plaintiff and/or the putative class members he or she purports to represent on a class action or

7  representative action basis, or some of them, are required to individually submit their claims to

8  mandatory final and binding arbitration pursuant to arbitration agreements covering their purported

9  claims.

10  **FORTY-FIFTH DEFENSE**

11      45.    Plaintiff's Complaint, and each and every purported claim alleged therein, brought on

12  a class action or representative action basis cannot be maintained as any type of a class action,

13  collective action or representative action, or as an action for individual recovery, because the named

14  Plaintiff and/or the putative class members he or she purports to represent, or some of them, have

15  failed to pursue and/or have repudiated their arbitration remedies by commencing and/or

16  participating in this action.

17  **FORTY-SIXTH DEFENSE**

18      46.    These answering Defendants presently have insufficient knowledge or information

19  upon which to form a belief as to whether they have or may have additional, yet unstated,

20  affirmative or other defenses.  These answering Defendants reserve the right to assert additional

21  affirmative or other defenses in the event their investigation or discovery indicates that additional

22  affirmative or other defenses are appropriate.

23

24      **WHEREFORE,** Defendants hereby pray for judgment in their favor as follows:

25      1.    That no class of any type be certified in any manner by the Court in the

26  action and that no notice of the action be given;

27      2.    That Plaintiff and the putative class members she purports to represent take

28  nothing by way of their action against Defendants;

9

1       3.     That the Plaintiff's action be dismissed in its entirety with prejudice;

2       4.     That Plaintiff and the putative class members she purports to represent be

3 denied each and every demand and prayer for relief made in the action;

4       5.     For costs of suit incurred herein, including reasonable attorneys' fees

5 pursuant to applicable law; and

6       6.     For such other and further relief as the Court deems just and proper.

8 DATED: August 11, 2009        **McGuireWoods LLP**

10          By: _____

                    Matthew C. Kane
                    Michelle R. Walker
                    Bethany A. Pelliconi
                    Sylvia J. Kim

                    Attorneys for Defendants

                    COUNTRYWIDE FINANCIAL
                    CORPORATION and BANK OF AMERICA
                    CORPORATION

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, California 90067.

On August 11, 2009, I served the following document(s) described as **DEFENDANTS COUNTRYWIDE FINANCIAL CORPORATION AND BANK OF AMERICA CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED LIST

☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐   **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (310) 315-8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐   **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

☐   **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 11, 2009 at Los Angeles, California.

ROLAND C. MORRISSETTE

1                                      **SERVICE LIST**

2    Mark R. Thierman
      **THIERMAN LAW FIRM, PC**
3    7287 Lakeside Drive
      Reno, Nevada  89511
4

5    Shaun Setareh
      **LAW OFFICES OF SHAUN SETAREH**
6    9454 Wilshire Blvd, Penthouse Suite #3
      Beverly Hills, California  90212
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, California 90067.

On August 12, 2009, I served the following document(s) described as **DEFENDANTS' NOTICE OF REMOVAL to THE UNITED STATES DIStrict court for the CENTRAL district of CALIFORNIA pursuant to 28 U.S.C. § 1331(FEDERAL QUESTION) and CAFA** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED LIST

☒     **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013a(3))

☐     **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was (310) 315-8210.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.  The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐     **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

☐     **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s).  (C.C.P. § 1011(a)(b))

☐     **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s).  (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 12, 2009 at Los Angeles, California.

ROLAND C. MORRISSETTE

9702688.1

1

**SERVICE LIST**

2  Mark R. Thierman
3  **THIERMAN LAW FIRM, PC**
   7287 Lakeside Drive
4  Reno, Nevada  89511

5
   Shaun Setareh
6  **LAW OFFICES OF SHAUN**
7  **SETAREH**
   9454 Wilshire Blvd, Penthouse Suite #3
8  Beverly Hills, California  90212

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9702688.1

**COPY**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DOMINIQUE WHITAKER | BANK OF AMERICA CORPORATION, COUNTRYWIDE FINANCIAL CORPORATION |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Mark R. Thierman<br>Thierman Law Firm, PC<br>7287 Lakeside Drive, Reno, NV 89511  (775) 284-1500 | Michelle R. Walker<br>McGuireWoods LLP<br>1800 Century Park East, 8th Floor<br>Los Angeles, CA 90067  (310) 315-8200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☑ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT   JURY DEMAND:** ☐ Yes   ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action for Various California Labor Code violations and violations of the Fair Labor Standards Act (29 USC sec. 206)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: **CV09-5898**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐　Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐　Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and North Carolina |

(c)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____　　Date August 12, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV09- 5898 CAS (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY