UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 09-5898 (PJWx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | DOMINIQUE WHITAKER v. COUNTRYWIDE FINANCIAL CORP., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Paul Cullen<br>Shaun Setareh | | Michael Mandel | |

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' FIRST AMENDED CLASS, COLLECTIVE, & PRIVATE ATTORNEY GENERAL ACTION COMPLAINT** (filed 08/27/10)

## I.   INTRODUCTION

On August 12, 2009, this case was removed from the Superior Court for the County of Ventura. On June 30, 2010, pursuant to stipulation of the parties, this case was consolidated with another class action alleging similar wage and hour claims (Foley v. Countrywide Home Loans, Inc., et al., Los Angeles Superior Court Case #BC 414463). On July 7, 2010, plaintiffs filed a First Amended Complaint (the "FAC"). The putative class action is brought on behalf of current and former employees of Countrywide Financial Corporation and Countrywide Home Loans, Inc. (the "Countrywide Defendants") against the Countrywide Defendants and Bank of America, the alleged successor employer and/or successor in liability to the Countrywide Defendants. The FAC alleges claims for: (1) failure to pay overtime in violation of Cal. Labor Code § 510 and § 1194 and IWC Wage Order 4-2001; (2) Cal. Labor Code § 203 waiting penalties; (3) failure to provide an accurate itemized wage statement pursuant to Cal. Labor Code § 226; (4) failure to pay minimum wage in violation of Cal. Labor Code § 1194 and IWC Wage Order No. 4-2001; (5) failure to pay minimum and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 206(a); and (7) unfair competition pursuant to Cal. Business & Professions Code, § 17200 et seq.

On August 27, 2010, defendants filed the instant motion to dismiss and/or strike

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 09-5898 (PJWx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | DOMINIQUE WHITAKER v. COUNTRYWIDE FINANCIAL CORP., et al. | | |

plaintiffs' first amended complaint. On September 13, 2010, plaintiffs filed an opposition to defendants' motion. On September 20, 2010, defendants filed a reply in support of their motion. After carefully considering the arguments of the parties, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal is proper where a claim for relief fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief sought," as required by Fed. R. Civ. Proc. 8(a). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 09-5898 (PJWx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | DOMINIQUE WHITAKER v. COUNTRYWIDE FINANCIAL CORP., et al. | | |

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**III.   DISCUSSION**

   **A.   Rule 8**

Defendants argue that plaintiffs' claims should be dismissed because "[n]one of these Claims for Relief satisfy the pleading requirements of Fed. R. Civ. P. 8 because the FAC does not allege any substantive facts in support of Plaintiffs' purported claims." Mot. at 1. "[T]he factually devoid allegations of their FAC simply parrot the statutory language and proffer purely conclusory allegations." Id. at 6. Therefore, defendants argue, plaintiffs run afoul of the standards set out in Twombly and Iqbal, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 09-5898 (PJWx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | DOMINIQUE WHITAKER v. COUNTRYWIDE FINANCIAL CORP., et al. | | |

admonish: "Rule 8 does not empower [plaintiffs] to plead the bare elements of [a] cause of action, affix the label 'general allegation,' and expect [a] complaint to survive a motion to dismiss." Iqbal, 129 S. Ct. 1937, 1954 (2009). In further support of their argument, defendants cite several cases in which courts have granted motions to dismiss in wage and hour actions in reliance on Iqbal and Twombly. See, e.g., Harding v. Time Warner, Inc., 2009 U.S. Dist. LEXIS 72841 at *9 (S.D. Cal. August 18, 2009); Deleon v. Time Warner Cable, LLC, 2009 U.S. Dist. LEXIS 74345 at *6-7 (C.D. Cal. July 17, 2009); Anderson v. Blockbuster, Inc., 2010 U.S. Dist. LEXIS 53854 at *5-8 (E.D. Cal. May 4, 2010).

Defendants further argue that plaintiffs' fourth and fifth claims for relief should be dismissed because the factual basis of these claims is a failure to be compensated for time spent on "booting up" and "shutting down" activities. Id. at 9-10. Defendants argue that these claims fail because the "FAC makes no suggestion that the time spent on these seemingly *de minimis* activities was compensable or that it took the Plaintiffs or putative class members more than a few minutes per day." Id. at 10.

Plaintiffs argue in opposition that defendants overstate the holdings of Iqbal and Twombly. Opp. at 5. "Contrary to Defendants' contentions, formulaic-sounding allegations are not insufficient, as long as the pleadings contain sufficient facts to state a plausible claim for relief" Id. Plaintiffs argue that these cases do not "signal a switch to a fact-pleading standard in federal court," and that following their holdings, "determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id., citing Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Iqbal, 129 S. Ct. at 1949. Moreover, plaintiffs argue, motions to dismiss are not favored in the class action context, where they may be used to "attempt to circumvent the class certification process . . . especially where, as here, Defendant has been provided with adequate notice regarding the claims asserted and the grounds upon which they rest." Opp. at 8.

Plaintiffs further argue that all of their claims meet the requirements of Rule 8, providing defendants with fair notice of facially plausible claims. Id. The Court agrees. Plaintiffs allege that they were required to perform certain tasks before clocking in and after clocking out. Based on that allegation, plaintiffs state claims for violations of state and federal wage and hour laws that would allegedly require the class members to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 09-5898 (PJWx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | DOMINIQUE WHITAKER v. COUNTRYWIDE FINANCIAL CORP., et al. | | |

compensated for the time spent performing those tasks at overtime rates[1]. FAC at ¶¶ 12, 13, 14, 39, 42, 46, 58, 59, 66, 75. Plaintiffs also allege that defendants have failed to properly calculate the overtime rate, and to provide wages "in the form of checks that fail to provide either a detachable stub or separate document containing the total hours worked by the employee." FAC at ¶¶ 40, 49. Defendants have been given fair notice of plausible claims against them. Therefore, the Court DENIES defendants' motion to dismiss.

  **B. Plaintiffs' UCL Claim**

  Defendants argue that plaintiffs' UCL claim cannot stand because it "is based, at least in part, on purported violations of the FLSA." Mot. at 11-12. Defendants argue that "reliance on the FLSA as a predicate for [plaintiffs'] state law UCL claim is wholly improper, as Courts have held that the remedial and enforcement provisions of the FLSA are exclusive." Id. at 12. Defendants also argue that plaintiffs' UCL claim fails because it is derivative of their other wage and hour claims and those claims fail for the reasons stated above. Reply at 16.

  Plaintiffs argue in opposition that an FLSA violation is a proper predicate for a UCL claim. Opp. at 19. "[T]he FLSA does not preempt California's overtime laws where the two overlap, and an opt-out class action under Rule 23 that is limited to restitution is permissible in light of the policy concerns underlying 29 U.S.C. § 216(b).

---

[1]As to defendants' argument that this allegation cannot support plaintiffs' claims because the time required to "boot up" and "shut down" is *de minimis*, the Court finds that would be more properly addressed on a summary judgment motion after consideration of a factual record based on which it could make the appropriate factual findings. Similarly, to the extent that plaintiffs' admission that the named plaintiffs "do not personally have viable minimum wage claims under the FLSA," (Opp. at 12, n. 4) raises questions about the viability of this action, those questions are best addressed at the class certification stage. The Court similarly rejects defendants' argument that plaintiffs must plead facts as to absent class members to defeat a motion to dismiss. The Court disagrees and finds that this argument is better addressed when considering a motion for class certification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 09-5898 (PJWx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | DOMINIQUE WHITAKER v. COUNTRYWIDE FINANCIAL CORP., et al. | | |

Id. Plaintiffs argue that the cases cited by defendant in support of their argument "have both been roundly rejected insofar as they concern the propositions at issue here." Id.

However, a violation of the FLSA appears to be a proper predicate for a claim under the UCL. See Esparza v. Two Jinn, Inc., 2009 WL 2912657 at *2 (C.D. Cal. Sept. 9, 2009). Therefore, the Court DENIES defendants motion to dismiss plaintiffs' UCL claim.

### C. Attorneys' Fees under Cal. Code Civ. Proc. § 1021.5

Defendants argue that plaintiff's request for attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5 should be stricken because "an award of attorney fees is not justified under section 1021.5 if the public benefit gained from the lawsuit and the important public right enforced by the suit are coincidental to the monetary or other personal gain realized by the party seeking fees." Mot. at 14, citing DiPirro v. Bondo Corp., 153 Cal. App. 4th 150 (2007). Moreover, defendants argue that "[p]laintiffs were motivated by their own pecuniary interests in bringing this lawsuit and they cannot establish that they were motivated by a desire to pursue a public benefit. Indeed, the FAC makes no mention of any public rights, interests, or benefits." Reply at 18-19.

Plaintiffs argue in opposition that fees are appropriate in this case because "the minimum wage and overtime protections under California law are important rights that affect the public interest," and "the amount of benefit to be conferred to potential class members and the general public is likely to exceed that which would justify Plaintiffs' individual costs of litigation by a substantial amount." Opp. at 21, 22-23. Moreover, plaintiffs argue that determining its potential right to attorneys' fees is premature because "at this very early stage of the litigation, because there is not even a prevailing party, this Court does not have enough information to assess whether Plaintiffs have vindicated important public rights or interests by virtue of this litigation." Id. at 22.

The Court finds that plaintiffs' prayer for attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5 should be stricken. See Flannery v. Ca. Highway Patrol, 61 Cal. App. 4th 629, 635 (Cal. Ct. App. 1998) ("Because the public always has a significant interest in seeing that laws are enforced, it always derives some benefit when illegal private or public conduct is rectified. Nevertheless, the Legislature did not intend to authorize an award of fees under section 1021.5 in every lawsuit enforcing a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 09-5898 (PJWx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | DOMINIQUE WHITAKER v. COUNTRYWIDE FINANCIAL CORP., et al. | | |

constitutional or statutory right."); Kistler v. Redwoods Community College Dist., 15 Cal. App. 4th 1326, (Cal. Ct. App. 1993) (finding fees pursuant to § 1021.5 unavailable in a wage and hour case where plaintiffs "were not disinterested citizens seeking to establish new law on a question of public importance, they were simply seeking the wages due to them"). The Court therefore GRANTS defendants' motion to strike plaintiffs' prayer for attorneys' fees in paragraph 78 of the FAC.

## IV. CONCLUSION

In light of the foregoing, the Court DENIES defendants' motion to dismiss, and GRANTS defendants' motion to strike plaintiffs' request for attorneys' fees pursuant to Cal. Civ. Code § 1021.5 in paragraph 78 of the FAC.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |